Steven STULL, Appellant

v.

COMMONWEALTH of Kentucky, Appellee.

No. 2012–CA–001973–MR.

Court of Appeals of Kentucky.

March 14, 2014.

Discretionary Review Denied by Supreme Court Oct. 15, 2014.

G. Scott Hayworth, Lexington, KY, for appellant.

Jack Conway, Attorney General of Kentucky, Matthew R. Krygiel, Assistant Attorney General, Frankfort, KY, for appellee.

Before CAPERTON, COMBS, and THOMPSON, Judges.

*OPINION*

COMBS, Judge.

Steven Stull appeals the judgment of the Nicholas Circuit Court convicting him of first-degree sexual abuse and sentencing him to one year of imprisonment. After our review, we affirm.

On January 5, 2012, Stull was indicted on one count of sexual abuse in the first degree, a Class D felony carrying a penalty range of one to five years of imprisonment. The crime was committed against his seventeen-year-old stepdaughter, a person with whom Stull was in a position of special trust, an element of the crime with which he was charged. At arraignment, he pleaded not guilty.

On July 2, 2012, Stull accepted a plea bargain offered by the Commonwealth. Pursuant to the terms of the agreement, Stull was to enter a guilty plea in exchange for the Commonwealth's recommendation to the court that he be sentenced to one-year imprisonment; the Commonwealth agreed to take no position with regard to probation.

Stull entered his plea, and on November 13, 2012, the trial court's judgment of conviction was entered. The court sentenced Stull in accordance with the Commonwealth's recommendation and ordered him to register as a convicted sex offender and to avoid contact with the victim. The court concluded that Stull was ineligible for probation pursuant to the provisions of Kentucky Revised Statute[s] (KRS) 532.040 because he qualified as a "violent offender" pursuant to the provisions of KRS 439.3401(1)(e). This appeal followed.

On appeal, Stull contends that the trial court erred by concluding that he is ineligible for probation. We disagree.

The provisions of KRS 532.047 prohibit probation for anyone designated as a violent offender under the provisions of KRS 439.3401. A *violent offender* is defined as "any person who has been convicted of or pled guilty" to "the commission or attempted commission of a felony sexual offense described in KRS Chapter 510." The crime of first-degree sexual abuse is codified in Chapter 510 at KRS 510.110. Thus, one who is convicted of first-degree sexual abuse qualifies as a violent offender pursuant to the provisions of KRS 439.3401 and is, therefore, ineligible for probation.

Nonetheless, Stull contends that the provisions of KRS 532.045 authorize the trial court to consider probation as a sentencing option even though he was convicted of sexual abuse in the first-degree. KRS 532.045 provides that those convicted of certain enumerated sex offenses (including promoting prostitution, rape in the second degree, and sodomy in the second degree) are ineligible for probation under circumstances indicating that the crime: was committed against a minor by the use of force; involved bodily injury to the minor; or involved a kidnapping or the violation of a position of special trust. Since first-degree sexual abuse is not among the offenses enumerated in this provision, Stull reasons that the legislature must have intended that probation remain a viable sentencing option.

An identical argument was addressed and rejected by a panel of this court in an unpublished opinion, *Howard v. Commonwealth*, 2013 WL 3105227 (Ky.App.2013) (2012–CA–000304–MR). In that case, the court disagreed with the defendant's construction of the statute not only because of the obvious flaw inherent in its logic but also because it led to an absurd result. While we are not bound by the holding of this unpublished opinion, we find its reasoning to be sound and pertinent to the case before us.

Stull also argues that probation remains a sentencing option for those convicted of first-degree sexual abuse since KRS

532.047 authorizes probation for violent offenders *if* the probation is granted in accordance with the provisions of KRS 439.3401. The provisions of KRS 439.3401 authorize probation and/or parole for a category of violent offenders who have served at least twenty years in the penitentiary. The statute also authorizes probation and/or parole for violent offenders convicted of a capital offense or a Class A felony with a sentence of a term of year or a Class B felony after the offender has served at least eighty-five percent of the sentence imposed. The provision does not apply in this case where Stull was convicted of a Class D felony and has not served the minimum twenty years in the penitentiary.

The judgment of the Nicholas Circuit Court is affirmed.

CAPERTON, Judge, concurs.

THOMPSON, Judge, concurs and files separate opinion.

THOMPSON, Judge, concurring:

I agree with the majority Stull is not eligible for probation and, therefore, concur. However, I write separately to express my concern regarding the circumstances under which Stull entered his guilty plea, specifically, the erroneous impression left by the Commonwealth's plea offer that it *could* take a position regarding probation and, therefore, probation was a possibility.

The United States Supreme Court has become increasingly aware that our modern criminal system is a system of plea negotiations and not trials. "The reality is that plea bargains have become so central to the administration of the criminal justice system that defense counsel have responsibilities in the plea bargain process, responsibilities that must be met to render the adequate assistance of counsel that the Sixth Amendment requires in the criminal process at critical stages." *Missouri v.* *Frye*, —— U.S. ——, 132 S.Ct. 1399, 1407, 182 L.Ed.2d 379 (2012). Following the reasoning of the United States Supreme Court, in *Commonwealth v. Pridham*, 394 S.W.3d 867, 878 (Ky.2012), our Supreme Court held "the sharply extended period of parole ineligibility is a serious enough and certain enough detriment that a person pleading guilty is entitled to know about it."

As in the case of parole eligibility in *Pridham*, the law in this case was succinct and clear Stull could not be probated if he pled guilty because he qualified as a violent offender. Under the circumstances, the Commonwealth's promise to Stull it would take no position on probation brings to the forefront whether Stull's counsel properly informed him of his probation eligibility and, if not, whether he would have pled guilty had he been aware he could not be probated. I write only to point out what appears to be a possible basis for future relief under Kentucky Rules of Criminal Procedure 11.42 or Kentucky Rules of Civil Procedure 60.02. Because this is a direct appeal, I concur.