RENDERED: AUGUST 21, 2020; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-000842-MR

SYED JOSEPH ALI            APPELLANT

v.        APPEAL FROM JEFFERSON CIRCUIT COURT
HONORABLE ANNIE O'CONNELL, JUDGE
ACTION NO. 16-CR-002004

COMMONWEALTH OF KENTUCKY        APPELLEE

OPINION
VACATING IN PART, AFFIRMING IN PART,
REVERSING IN PART, AND REMANDING

** ** ** ** **

BEFORE: CLAYTON, CHIEF JUDGE; TAYLOR AND L. THOMPSON, JUDGES.

THOMPSON, L., JUDGE: Syed Joseph Ali appeals from his conviction of one count of sexual abuse in the first degree[1] and one count of distribution of obscene

---

[1] Kentucky Revised Statutes (KRS) 510.110.

matter to a minor.[2]  On appeal, Appellant argues that the trial court erred in not granting him a continuance for a hearing, erred in failing to allow him to withdraw from a plea agreement, erred in denying his motion for a new trial, and erred in determining he was not eligible for probation.  We believe the trial court erred in not granting Appellant a continuance.  We also conclude that the trial court did not err in determining Appellant was ineligible for probation.  The other arguments raised by Appellant are moot due to us reversing and remanding for a new hearing.

## FACTS AND PROCEDURAL HISTORY

Appellant was indicted on two counts of sexual abuse in the first degree and one count of distributing obscene matter to a minor.  On September 20, 2018, after a three-day jury trial, Appellant was convicted on one count of sexual abuse in the first degree and the distributing obscene matter count.  The jury was unable to reach a verdict on the other sexual abuse count.  After the verdict, Appellant and the Commonwealth negotiated a sentencing plea agreement.  Appellant agreed to the following:  a five-year sentence, waiver of his right to appeal, and the other sexual abuse charge would be dismissed without prejudice.  Appellant then entered into a plea colloquy with the court and the court accepted the sentencing agreement.

---

[2] KRS 531.030.

On September 26, 2018, Appellant filed a *pro se* motion requesting a new trial and the appointment of new counsel. Appellant requested new counsel because he had raised issues of ineffective assistance of counsel with his original lawyer, David Mejia. Mr. Mejia then terminated their attorney-client relationship. Appellant's motion also requested a continuance of his sentencing which was scheduled for November 20, 2018. Appellant also included with the motion four affidavits from potential witnesses setting forth evidence as to why he should be granted a new trial.

On October 2, 2018, the court entered an order denying Appellant's motion insofar as he requested a public defender. The court found that he was not indigent and should hire his own representation. The court also scheduled a hearing for Appellant's motion for a new trial for November 1, 2018. On October 24, 2018, new counsel for Appellant, Rob Eggert, entered an appearance and moved to continue the November 1, 2018 hearing. New counsel stated that he was going to be in another trial and needed additional time to prepare for the hearing.

On November 1, 2018, the court entered an order continuing the new trial hearing for November 19, 2018. On November 14, 2018, another lawyer, Michael Goodwin, entered an appearance on behalf of Appellant. Mr. Goodwin also moved to continue the November 19, 2018 hearing and the November 20,

2018 sentencing. He stated that he and Mr. Eggert had been involved in lengthy criminal trials and needed more time to prepare.

On November 19, 2018, Appellant filed a motion to withdraw from his sentencing agreement. He argued it was not entered into knowingly, voluntarily, or intelligently because he was not properly advised of the ramifications of the agreement by his previous attorney and that his previous attorney pressured him into entering into the agreement. Also, on November 19, the hearing for a new trial was held. Counsel for Appellant again reiterated their wish for a continuance because they were still new to the case and needed more time to prepare. Counsel also informed the court that the witnesses they wished to present were all unable to attend court that day. In addition, the trial court was informed that the sexual offender risk assessment had not been completed. Counsel for Appellant then requested that Appellant's sentencing, which was scheduled for the next day, also be postponed. Counsel for Appellant suggested that the trial court continue the hearing on the motions until the risk assessment had been completed and schedule the hearing on the same day as the new sentencing hearing. The trial court took under advisement the motion to continue the hearing, the motion for a new trial, and the motion to withdraw from the sentencing agreement. The trial court relied on the arguments of counsel and the affidavits contained in Appellant's *pro se* motion. The trial court denied the

motion to continue the hearing, denied the motion for a new trial, and denied the motion to withdraw from the sentencing agreement. The trial court did agree to reschedule the sentencing in order for the risk assessment to be completed.

On February 22, 2019, a sentencing hearing was held. Appellant requested probation, but the trial court found he was ineligible pursuant to *Stull v. Commonwealth*, 443 S.W.3d 10 (Ky. App. 2014). Appellant was sentenced to a total of five years in prison pursuant to the sentencing agreement and this appeal followed.

## **ANALYSIS**

Appellant's first argument on appeal is that the trial court erred in denying his motion to continue the hearing on his motions for a new trial and to withdraw from the sentencing agreement. We agree it was error for the trial court not to grant a continuance in this instance.

> The court, upon motion and sufficient cause shown by either party, may grant a postponement of the hearing or trial. A motion by the defendant for a postponement on account of the absence of evidence may be made only upon affidavit showing the materiality of the evidence expected to be obtained, and that due diligence has been used to obtain it. If the motion is based on the absence of a witness, the affidavit must show what facts the affiant believes the witness will prove, and not merely the effect of such facts in evidence, and that the affiant believes them to be true. If the attorney for the Commonwealth consents to the reading of the affidavit on the hearing or trial as the deposition of the absent witness, the hearing or trial shall not be postponed on account of the witness's

absence.  If the Commonwealth does not consent to the
reading of the affidavit, the granting of a continuance is
in the sound discretion of the trial judge.

Kentucky Rules of Criminal Procedure (RCr) 9.04.

RCr 9.04 allows a trial to be postponed upon a
showing of sufficient cause.  The decision to delay trial
rests solely within the court's discretion.  Whether a
continuance is appropriate in a particular case depends
upon the unique facts and circumstances of that case.
Factors the trial court is to consider in exercising its
discretion are:  length of delay; previous continuances;
inconvenience to litigants, witnesses, counsel and the
court; whether the delay is purposeful or is caused by the
accused; availability of other competent counsel;
complexity of the case; and whether denying the
continuance will lead to identifiable prejudice.

*Snodgrass v. Commonwealth*, 814 S.W.2d 579, 581 (Ky. 1991), *overruled on other*

*grounds by Lawson v. Commonwealth*, 53 S.W.3d 534 (Ky. 2001) (citations

omitted).  "The test for abuse of discretion is whether the trial judge's decision was

arbitrary, unreasonable, unfair, or unsupported by sound legal principles."

*Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999).

Utilizing the *Snodgrass* factors, we conclude that the trial court

abused its discretion in not continuing the hearing.  Appellant's counsel requested

a continuance because they were fairly new to the case and needed more time to

review the record and prepare.[3]  On the day of the hearing, they also indicated their

---

[3] Mr. Eggert entered his appearance about a month before the hearing and Mr. Goodwin five
days before the hearing.

witnesses were unable to attend court that day for various reasons. The Commonwealth's argument focuses on RCr 9.04's requirement that the hearing not be postponed if affidavits of missing witnesses are read by the court as depositions.

While the missing witnesses were one reason Appellant's counsel requested a continuance, defense counsel also requested more time to prepare because they were new to the case and needed more time to review the record and examine the issues raised by Appellant's motion for a new trial. In other words, RCr 9.04's requirement that a hearing shall not be postponed if missing witnesses' affidavits are treated and considered as depositions is not determinative of this issue.

We now move to the *Snodgrass* factors. As for the length of delay, Appellant's counsel did not ask for a specific amount of time when the continuance was requested. Counsel did suggest the hearing could happen at the sentencing hearing since it had to be postposed anyway due to the lack of a risk assessment. As for previous continuances, after Appellant's conviction, the trial court granted one continuance in favor of Appellant due to his original trial counsel terminating their relationship and his need to find new counsel. As to inconvenience, there would seemingly be no inconvenience to anyone. The witnesses were absent on the day of the hearing due to unforeseen circumstances[4] and the court had to

---

[4] Some had medical issues and another had car trouble.

schedule a later sentencing hearing, meaning Appellant, Appellant's counsel, the Commonwealth, and the court were going to have to reconvene again once the risk assessment was completed. As for the cause of the delay and the availability of other counsel, the motions to continue were not due to the procrastination of Appellant or any unreasonable behavior on his part. His original trial counsel terminated their relationship and Appellant immediately began looking for new counsel, first by moving to be appointed a public defender and later by hiring private counsel. As for the complexity of the case, the underlying criminal issues were not complex; however, there was a three-day trial that new counsel may have needed to review and four witnesses to interview whom Appellant believed had evidence to support his motion for a new trial. Finally, as to whether denying the continuance would lead to identifiable prejudice, Appellant was unable to present live testimony in support of his motions and defense counsel alleged they were unable to adequately prepare for the hearing.

It is our opinion that all of the *Snodgrass* factors are in Appellant's favor; therefore, we conclude it was unreasonable and unfair not to grant a continuance. The trial court abused its discretion in this instance and we must vacate Appellant's sentence, reverse the court's denial of the continuance, reverse the denial of the motion for a new trial, and reverse the denial of the motion to withdraw from the sentencing agreement. We must also remand for a new hearing

regarding Appellant's motions.  We also unequivocally state that Appellant's conviction is not being vacated, only the sentence.

Appellant also argues on appeal that the trial court erred in finding that he was not eligible for probation.  The trial court did not err.

> The provisions of KRS 532.047 prohibit probation for anyone designated as a violent offender under the provisions of KRS 439.3401.  A *violent offender* is defined as "any person who has been convicted of or pled guilty" to "the commission or attempted commission of a felony sexual offense described in KRS Chapter 510." The crime of first-degree sexual abuse is codified in Chapter 510 at KRS 510.110.  Thus, one who is convicted of first-degree sexual abuse qualifies as a violent offender pursuant to the provisions of KRS 439.3401 and is, therefore, ineligible for probation.

*Stull*, 443 S.W.3d at 11.

Appellant raises other issues on appeal, but they are moot in light of us reversing and remanding for a new hearing.

## CONCLUSION

Based on the foregoing, we affirm the trial court's finding that Appellant was ineligible for probation.  We also reverse the trial court's denials of Appellant's motion for a continuance, motion for a new trial, and motion to withdraw from the sentencing agreement.  Appellant is entitled to a new hearing on his motions and we remand for such a hearing.

ALL CONCUR.


BRIEFS FOR APPELLANT:                    BRIEF FOR APPELLEE:

Michael Goodwin                          Daniel Cameron
Louisville, Kentucky                     Attorney General of Kentucky

                                         Leilani K. M. Martin
                                         Assistant Attorney General
                                         Frankfort, Kentucky